**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-6025**

—————

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

MARCEL BARNES, a/k/a Larry Kevin Brown

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:94-cr-00052-RBS-3)

—————

Submitted:  May 29, 2012                    Decided:  June 8, 2012

—————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Marcel Barnes, Appellant Pro Se. Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcel Barnes appeals the district court's order denying his 18 U.S.C. § 3582(c) (2006) motion for reduction of sentence. In his motion, Barnes sought the benefit of Amendment 750 of the federal sentencing guidelines, which lowered the offense levels for most offenses involving crack cocaine. The Amendment applies retroactively. U.S. Sentencing Guidelines Manual § 1B1.10(c) (2011). We affirm.

Barnes pled guilty in 1994 to conspiracy to distribute cocaine base, cocaine, and marijuana. He was held responsible for a marijuana equivalency of 495,976.59 kg. Barnes' base offense level was 42. With adjustments for role in the offense, possession of a firearm, and acceptance of responsibility, his total offense level was 44. His criminal history category was V, and his Guidelines range was life. Barnes received a life sentence.

Previously, Barnes filed a § 3582(c)(2) motion, seeking the benefit of Amendment 505 of the Guidelines, which lowered the top base offense level of the Drug Quantity Table from level 42 to level 38. Under Amendment 505, Barnes' total offense level was reduced to 360 months-life (offense level 40, criminal history category V). The district court granted the motion and resentenced Barnes to 360 months in prison.

Under Amendment 750, Barnes' base offense level remains 38.  See USSG § 2D1.1(c)(1) (2011).  His advisory Guidelines range of 360 months-life is unchanged.  Thus, because Amendment 750 did not lower Barnes sentencing range, the district court did not abuse its discretion in denying Barnes' motion.  See 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(2)(B), p.s.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED